

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-6-2009

# USA v. Rodney Hutchinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Rodney Hutchinson" (2009). *2009 Decisions*. Paper 1763.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1763

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

―――――

No. 08-3719

―――――

UNITED STATES OF AMERICA

v.

RODNEY HUTCHINSON,
                              Appellant

―――――

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-06-cr-00173-001)
District Judge: Honorable Yvette Kane

―――――

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

Before:  SLOVITER and HARDIMAN, Circuit Judges, and
POLLAK[*], District Judge

(Filed:March 6, 2009)

―――

OPINION

―――

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District
Court for the Eastern District of Pennsylvania, sitting by
designation.

SLOVITER, Circuit Judge.

Rodney Hutchinson, who pled guilty to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. § 846 and one count of conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), was sentenced to 210 months imprisonment.[1]  His counsel filed a timely notice of appeal but also filed a motion to withdraw as counsel and a brief in support of that motion pursuant to Anders v. California, 386 U.S. 738, 744 (1967).  Under Anders, appellant's counsel must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues" and then "explain why the issues are frivolous."  United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000) (citation omitted).  "The Court's inquiry when counsel submits an Anders brief is thus twofold: (1) whether counsel adequately fulfilled [Third Circuit Local Appellate Rule 109.2's] requirements; and (2) whether an independent review of the record presents any nonfrivolous issues."  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

## I.

Hutchinson was the leader of what the District Court characterized as "a very serious, far-reaching drug conspiracy with a record amount of drugs and cash."  App. at 224.  He recruited and employed several couriers to transport these drugs from his

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction to review this matter pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

supplier, co-defendant Abraham Perez, in Arizona to Harrisburg and other locations on the east coast. Some of the couriers transported money back to Arizona.

In May 2006, Hutchinson was arrested in Riverside, California, following a warrantless search of his vehicle during a traffic stop. California Highway Patrol Officer Gilbert Carrera, who had been advised that Hutchinson would be driving through his patrol area and was suspected to be transporting drugs, observed Hutchinson fail to signal during an abrupt turn, a violation of the state vehicle code. He signaled Hutchinson to stop and exit the car which Hutchinson initially failed to do. After he did stop, instead of showing his license and registration as directed, Hutchinson simply stuck his hands out of the car window, with shaking hands throughout the encounter.

In light of Hutchinson's conduct following the traffic stop, the tip that Hutchinson was transporting drugs, and his belief that he had observed marijuana debris in the car (not credited by the District Court), Carrera retrieved his drug-detecting canine to conduct an exterior sniff of Hutchinson's car. The dog, of its own accord, jumped through an open window in the car and alerted on a duffle bag in the back seat. Carrera proceeded to open the duffle bag and discovered that it contained a large quantity of marijuana. A subsequent search of the car yielded two more duffle bags of marijuana; in total, the search uncovered approximately ninety-nine kilograms of marijuana.

Hutchinson was eventually charged in a second superseding indictment with, inter alia, one count of conspiracy to distribute marijuana and one count of conspiracy to

commit money laundering. The District Court denied Hutchinson's motion to suppress the evidence from the traffic stop. United States v. Hutchinson, 471 F. Supp. 2d 497, 511 (M.D. Pa. 2007).

Hutchinson subsequently entered a conditional guilty plea to both counts, reserving the right to appeal the District Court's suppression ruling. At the same time, in light of Hutchinson's willingness to admit only that the drug conspiracy involved fifty or more kilograms, the District Court approved the parties' agreement to delete from the second superseding indictment the allegation that the drug conspiracy in count one involved 1,000 or more kilograms of marijuana.

Prior to sentencing, Hutchinson and the government reached an agreement on several stipulations, all of which the District Court accepted, including most importantly that the drug conspiracy involved more than 1,000 but less than 3,000 kilograms of marijuana. In light of these stipulations, the District Court correctly calculated that the Guidelines range was 210-262 months imprisonment. After it rejected Hutchinson's argument for a downward variance, the District Court sentenced Hutchinson to 210 months imprisonment (i.e., at the bottom of the Guidelines range).

Hutchinson filed a timely notice of appeal. After his counsel filed an Anders brief, Hutchinson filed a pro se brief in this court. We have reviewed the record to determine whether the appeal is "wholly frivolous," Penson v. Ohio, 488 U.S. 75, 80 (1988), and agree with counsel that it is.

4

**II.**

Although Hutchinson's pro se brief continues to challenge the District Court's denial of his motion to suppress the drug evidence (ninety-nine kilograms of marijuana) from the Riverside traffic stop and warrantless search, that issue is moot because Hutchinson ultimately stipulated that the amount of marijuana involved in the conspiracy was 1,000 to 3,000 kilograms.

We thus turn to the plea colloquy to ensure that Hutchinson entered his guilty plea voluntarily and knowingly. We conclude that he did. The Court placed Hutchinson under oath and informed him of the rights that he would waive by entering a guilty plea and the fact that he would waive them, the nature of the charges, the maximum and minimum statutory penalties, including imprisonment, fines, forfeiture and special assessments, and the Court's obligation to sentence him under the Guidelines and the sentencing factors contained in 18 U.S.C. § 3553(a). The Court also questioned Hutchinson to ensure that the plea was voluntary and determined that there was a factual basis for the plea.

We also conclude that there are no nonfrivolous issues as to an appeal of Hutchinson's sentence. Following completion of the presentence report, the parties entered stipulations as to the weight of marijuana involved in the drug conspiracy, Hutchinson's leadership role in the conspiracy, enhancements for possession of a firearm and money laundering, and a reduction for acceptance of responsibility. Upon the basis of those stipulations, which the District Court accepted, and the presentence report, the

Court determined that Hutchinson had an offense level of 37 and criminal history category of I, for a sentencing range of 210-262 months imprisonment. The Court then heard argument from the parties on Hutchinson's request for a downward variance, including extensive argument on Hutchinson's primary contention that a within-Guidelines sentence would create a sentencing disparity with his codefendants. It ultimately determined that a sentence at the bottom of the Guidelines range was appropriate in light of Hutchinson's culpability in the offense, the seriousness of the offense, the fact that Hutchinson (unlike many of his codefendants) did not cooperate with the government, and the need for deterrence.

Finally, in his pro se brief, Hutchinson contends that the District Court erred when it (1) accepted the parties' agreement to delete from the second superseding indictment the allegation that the drug conspiracy in count one involved 1,000 or more kilograms of marijuana, in light of Hutchinson's admission at his plea colloquy that the drug conspiracy involved only fifty or more kilograms, and (2) subsequently sentenced Hutchinson, as stipulated by the parties, under the Guidelines range applicable for offenses involving at least 1,000 but less than 3,000 kilograms of marijuana. We reject Hutchinson's argument that this amendment to the indictment violated his Fifth Amendment rights because the amount of marijuana involved in the conspiracy was not an essential element of the offense charged in count one, and therefore the government's allegation of a specific amount in the indictment was properly disregarded as surplusage.

See United States v. Iglesias, 535 F.3d 150, 161 n.4 (3d Cir. 2008).  We also reject Hutchinson's argument that the District Court could not make findings and sentence him based on a quantity of drugs greater than that to which he admitted during his plea.  See United States v. Grier, 475 F.3d 556, 562 (3d Cir. 2007) (en banc).  Thus, these issues are frivolous as well.

## III.

For the reasons set forth, we will affirm the judgment of conviction and sentence, and we will grant counsel's motion to withdraw.